# Federal Defenders
## OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David E. Patton
*Executive Director and Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

June 6, 2019

The Honorable Cheryl L. Pollak
United States District Court Magistrate
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *In the Matter of the Extradition of Oliver Callely*, 19 MJ 507

Your Honor:

Please accept this letter brief in response to the Court's request for briefing on the issue of the sufficiency of the extradition request and the government's request for detention in the above captioned matter. We request permission to supplement this letter should the proceedings continue.

**1. Sufficiency of the Extradition Request.**

The government of Ireland seeks the extradition of Mr. Callely to face prosecution on the charges of (1) throwing a firework in a public place, a violation of Section 68 of the Irish Criminal Justice Act of 2006, and (2) assault causing harm in violation of Section 3 of the Non-Fatal Offenses Against the Person Act of 1997. Exhibit A to the Complaint in Support of the Application for Arrest with a View Towards Extradition (hereinafter "Ex. A "), p. 0001.

As set forth in subsection 1. of Article II of the Treaty of Extradition Between the United States of America and Ireland (hereinafter "the Treaty"), "[a]n offense shall be an extraditable offense only if it is punishable under the law of both Contracting Parties by imprisonment for more than one year, or by a more severe penalty." Ex. A, p. 0075. Offenses punishable by imprisonment greater than one year are commonly referred to as felonies.

Section 68 of the Criminal Justice Act defines the offense of throwing a firework in a public place as
    (1) Any person who in any place--
    (a) ignites a firework or causes it to be ignited, or
    (b) throws, directs or propels an ignited firework at or towards a person or property,
    is guilty of an offense.
Ex. A, pp. 0019-20.

Section 68 lists the punishment for the offense of throwing a firework in a public place in subsection 12, which reads as follows:
> (12) A person guilty of an offense under this section. . . is liable–
> (a) on summary conviction, to a fine not exceeding €2,500 or imprisonment for a term not exceeding 6 months or both, or
> (b) on conviction on an indictment, to a fine not exceeding €10,000 or imprisonment for a term not exceeding 5 years or both.

Ex. A, p.0022.

Section 3 of the Non Fatal Offenses Against the Person Act defines the offense of Assault Causing Harm as
> (1) A person who assaults another causing him or her shall be guilty of an offense.

Ex. A, p.0028.

Section 3 lists the punishment for the offense of assault as
> (2) A person guilty of an offence under this section shall be liable–
> (a) on summary conviction, to imprisonment for a term not exceeding 12 months or to a fine not exceeding £1,500 or to both, or
> (b) on conviction on indictment to a fine or imprisonment for a term not exceeding 5 years or to both.

*Id.*

As the statutes set forth, both offenses can be punished as either misdemeanors or felonies. To be punished as a felony, however, the conviction for the offense must be on indictment. There is no indictment provided in the request for extradition, and no legal explanation as to why the facts alleged in the request for extradition support felony as opposed to misdemeanor offenses.

Article XI of the Treaty concerns the Rule of Speciality. Ex. A, p. 0080. The Rule of Specialty requires that the person extradited
> "shall not be proceeded against, sentenced, punished, detained or otherwise restricted in his or her personal freedom in the Requesting State for an offense other than that for which extradition has been granted. . ."

*Id.*

This Rule of Speciality has been interpreted to require the Magistrate Judge to make a determination of extraditability with respect to the offenses in the request, even if extraditability of the person is not an issue. *Shapiro v. Ferrandina*, 478 F.2d 894, 905 (2d Cir. 1973); *see also Cucuzzella v. Keliikoa*, 638 F.2d 105, 107 (9th Cir. 1981); *Caplan v. Vokes*, 649 F.2d 1336, 1343 (9th Cir. 1981); *In re Extradition of Waters*, 2003 WL 23185666, *2 (E.D.N.Y 2003)("In order to issue a Certification of Extraditability, the Court must determine if: . . .(2) the charges are extraditable offenses under the treaty.")

As noted above, Article II of the Treaty only permits extradition for offenses carrying a penalty of imprisonment for more than one year. The request for extradition, however, does not include an indictment or provide a legal explanation as to why the offenses charged are felonies as opposed to misdemeanors. Without the legal explanation as to why the offenses charged are felonies as opposed to misdemeanors, the Court cannot determine whether the offenses charged are extraditable offenses or not. If the Court permitted extradition and only misdemeanors were in fact alleged in the request, not only would the extradition be improper, but if Mr. Callely was then prosecuted in Ireland for the charges as felonies, he would be "proceeded against, sentenced, or punished" for an offense other than that for which extradition has been granted.

Given that the offenses listed in the request for extradition can be charged as either a misdemeanor or a felony, and given that no document within the request for extradition clarifies the jurisdictional issue of whether the offenses charged are misdemeanors or felonies, the request for extradition is insufficient and must be dismissed.

**2. Mr. Callely should be released on bond.**

While the government is correct in its analysis that there is a presumption against bail in extradition cases, there are a number of factors that would permit release in Mr. Callely's case. First, Mr. Callely is not a danger to the community. Mr. Callely has been granted a visa to visit, live and work in the United States on three separate occasions, first in 2012, then in 2016, and most recently in 2019. Upon information and belief and the fact that the visas were granted, Mr. Callely has lived here peaceably and is not a danger to the community. While the offenses alleged in Ireland are serious, they took place more than four years ago, there is no evidence that Mr. Callely has any criminal convictions in Ireland, and, as noted above, he has lived peaceably in the United States.

Second, Mr. Callely is not a risk of flight. Mr. Callely was unaware of the warrant for his arrest in Ireland and would like to return as quickly as possible to resolve the matter. Historically he was arrested and released after questioning on March 14, 2016. Ex. A, p. 0017. There is no evidence in the request for extradition that any bail was posted on that date or that Mr. Callely was told his release was conditioned upon his either remaining in the jurisdiction or notifying the authorities that he was leaving the jurisdiction.

It should also be noted that while the government alleges on p.4 of its memorandum request for detention, that Mr. "Callely's flight was in violation of bail conditions imposed in connection with an unrelated criminal offense," that statement appears to be a misunderstanding of a statement in the request for extradition. On p.0018 of the request for extradition (Ex. A), it states that the Irish police "have attempted to locate Oliver Callely . . . however it is believed that he has fled the jurisdiction (failing to attend court in relation to the unrelated criminal offense for which he was subject to bail in contravention of his bail conditions on that particular matter)." The information in parentheses appears to be the definition of fleeing the jurisdiction, rather than a statement that Mr. Callely's flight was in violation of bail conditions imposed. And again, if

3

this is a statement of Mr. Callely's violation of conditions of release, there is no factual information or allegation in the request for extradition that Mr. Callely was under bail conditions for any offense or that any bail or release conditions had been set after his arrest and questioning in Ireland in March 2016.

Finally, Mr. Callely's extradition is not a diplomatic necessity. When there is a delay in extradition proceedings, "courts have found special circumstances when there is a lack of any diplomatic necessity for denying bail." *In the Matter of the Extradition of Monika Kapoor*, Dkt. 11 MJ 456, (unpublished memorandum and order filed 6/7/11, p. 5) (internal citations and quotations omitted); *United States v. Castanada-Castillo*, 739 F.Supp. 2d 49, 56 (D. Mass 2010); *In re Extradition of Chapman*, 459 F. Supp 2d 1024, 1027 (D. Haw. 2006).

The offenses charged took place in September 2015. Mr. Callely was not arrested for questioning until March 2016. A passport card was issued for Mr. Callely on April 9, 2017 (Ex. A, p. 0008), which appears to indicate that he was not being actively sought by the Irish police at that time nor was his travel restricted. A warrant for his arrest was not issued until August 2017, and the request for extradition was not filed until August 2018. The three year delay from the date of the incident and the two year delay from the arrest and questioning of Mr. Callely before the Irish government made its request for extradition display a "lack of any diplomatic necessity for denying bail." *Chapman*, *surpra*, at 1027.

Additionally, upon information and belief, Mr. Callely has traveled to Ireland on at least three occasions since the issuance of a warrant for his arrest in August 2017. Mr. Callely returned to Ireland in August 2018, December 2018, and most recently in April 2019[1]. If the Irish government does not seek to enforce its own arrest warrants within its own country, there can be no diplomatic necessity for the United States to do so, and no diplomatic necessity for detention in the United States pending extradition.

---

[1]Mr. Callely's Irish passport shows his return to the United States after a number of these visits. Upon information and belief, passports are no longer stamped by the Irish government when citizens re-enter the country, so we are trying to obtain records of Mr. Callely's flights as further evidence of his entry to Ireland.

**3. Conclusion.**

       For the reasons set forth above, the request for extradition of Mr. Callely should be dismissed for failure to set forth a clear claim of jurisdiction that the offenses charged are punishable by a term of imprisonment of more than one year. Furthermore, even if the request for extradition is not dismissed, Mr. Callely should be released pending the determination of a certificate of extraditability because he is not a risk of flight or a danger to the community, and there is no diplomatic necessity for him to be detained pending that determination.

                                             Respectfully submitted,

                                             Mildred M. Whalen
                                             Staff Attorney
                                             (718) 330-1290

cc:      Assistant U.S Attorney Gillian A. Kassner, Esq. (via ECF and email)
           ECF